UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE M. MERCADO, JR., | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION |
| v. | ) | NO. 11-10321-JGD |
| | ) | |
| GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
PETITIONER'S MOTION TO STAY PROCEEDINGS**

October 4, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The petitioner, Jose M. Mercado, Jr. ("Mercado" or the "defendant"), is presently serving a life sentence following his state court conviction on December 16, 2005 for first-degree murder and unlawful possession of a firearm. He filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is pending.

This matter is presently before the court on Petitioner's Motion to Stay Proceedings pursuant to which Mercado is seeking to stay these habeas proceedings so that he can pursue several unexhausted claims in state court. These claims are based on trial counsel's alleged failure to present the testimony of three witnesses at trial, the alleged wrongful exclusion of family members from the courtroom during jury selection, and the

alleged failure of counsel to present certain mental health issues and records to the court during trial.

After a careful review of the record, this court finds that Mercado has failed to establish good cause for having failed to exhaust these claims. Therefore, and for the reasons detailed more fully herein, the Motion to Stay (Docket No. 16) is DENIED. However, the court shall stay this action for 90 days and attempt to locate counsel to represent the petitioner in connection with the pending habeas petition.

## II.  STATEMENT OF FACTS[1]

### The Underlying Crime

Since the events relating to the underlying crime are not relevant to the instant motion, they will be discussed only briefly. As described by the Massachusetts Supreme Judicial Court in connection with its review of his conviction,[2] the jury could have found that Mercado engaged in an altercation with the victim on June 21, 2002 in the parking lot of a liquor store in Brockton, Massachusetts. Commonwealth v. Mercado, 456 Mass. 198, 199-200, 922 N.E.2d 140, 143 (2010). The dispute was a continuation of a running argument about the defendant's failure to pay for a car, which he had bought from the victim and which had broken down. Id. at 200, 922 N.E.2d at 143. There were many

---

[1] The record below is included in the Supplemental Answer ("SA") found at Docket No. 13.

[2] The facts as found by the state courts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).

people in the immediate vicinity, including children and one Nelly Corea, who had set up a chair in the parking lot to braid hair for money. Id. at 199, 922 N.E.2d at 143. The argument became heated and the two men were "chest butting" before the defendant left for a period of time. Id. at 200, 922 N.E.2d at 143-44. When the defendant returned, the victim was having his hair braided by Corea. Id. at 201, 922 N.E.2d at 144. The defendant had a gun and he shot the victim once, fatally, in the chest. Id. The defendant subsequently confessed. Id. at 201-02, 922 N.E.2d at 144-45.

## Procedural Background - State Court Proceedings

Mercado was convicted by a Plymouth County jury on December 16, 2005 of first degree murder on a theory of deliberate premeditation and unlawful possession of a firearm. (SA 8). He was sentenced to life imprisonment with a concurrent sentence of one year to one year and one day on the firearms charge. (Id.). Mercado filed a timely appeal to the Massachusetts Supreme Judicial Court ("SJC") wherein he raised the following claims: (1) that the trial judge impermissibly restricted his cross-examination of Corea, a Commonwealth witness; (2) that trial counsel failed to object to the trial judge's refusal to instruct the jury on self-defense; (3) that trial counsel failed to object to the judge's instruction on mental impairment; and (4) that the trial judge failed to give a curative instruction concerning the prosecutor's repetitive mocking of the defendant's family during his summation. (SA 21-22). He also requested that the SJC exercise its powers under Mass. Gen. Laws ch. 278, § 33E and either grant him a new trial or reverse

the verdict. (SA 22). In an opinion dated March 3, 2010, the SJC affirmed his convictions. Commonwealth v. Mercado, 456 Mass. 198, 922 N.E.2d 140 (2010).

On September 13, 2010, Mercado filed a *pro se* motion for a new trial. (SA 9, 135). Therein he argued to the trial court, *inter alia,* that he had been wrongfully precluded from putting in evidence relating to self-defense; he had not knowingly, intelligently and voluntarily waived his right to testify since he was being medicated with antipsychotic drugs and had been misled by the court's erroneous ruling excluding evidence of the victim's reputation, which should have been admissible under Commonwealth v. Adjutant, 443 Mass. 649, 824 N.E.2d 1 (2005); that he had been wrongfully precluded from testifying on his own behalf; and that trial and appellate counsel had provided ineffective assistance of counsel. (SA 135-138). The motion for a new trial was denied on November 3, 2010. (SA 156).

On December 9, 2010, Mercado applied to a single justice of the SJC for leave to appeal the denial of his motion for a new trial. (SA 13, 143-55). The single justice concluded that Mercado "has not presented 'a new and substantial question which ought to be determined by the full court.' G.L. c. 278, § 33E." (SA 207). Therefore the application for leave to appeal was denied on February 3, 2011. (SA 13, 207-08).

## The Federal Habeas Petition

Mercado's habeas petition was filed on February 17, 2011. Therein he raised the following seven grounds: (1) the trial judge violated his Sixth Amendment right to confront his accusers by limiting the cross-examination of a Commonwealth witness;

(2) the trial judge provided improper jury instructions regarding mental impairment in violation of due process; (3) the trial judge failed to instruct the jury on self-defense in violation of due process; (4) the prosecutor committed misconduct during closing by smirking at family members, and the trial judge failed to give a curative instruction to the jury; (5) the trial judge violated his Sixth Amendment right to confront his accusers by permitting a medical examiner to provide testimony regarding an autopsy report written by another medical examiner; (6) the petitioner was unfairly prevented from raising issues relating to the victim's prior conduct in support of the claim of self-defense, as permitted by Commonwealth v. Adjutant; and (7) the petitioner did not knowingly waive his right to testify and was misled at trial by the judge's instructions.  (Docket No. 1). The Commonwealth does not contend that any of these issues have not been exhausted.

As detailed above, the petitioner moved on October 29, 2011 to stay the habeas proceedings so that he can exhaust his state remedies.  He seeks to pursue relief in the state court relating to three witnesses who had not testified at trial, but who would allegedly support a manslaughter or self-defense instruction; the alleged closure of the courtroom during jury voir dire; and mental health records that were not submitted to the state court.  As detailed below, in the absence of good cause for having failed to assert these claims before, the motion to stay must be denied.

### III. ANALYSIS

#### A.  Standard of Review for a Stay

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn v. Dennehy, 475 F.3d 1, 2-3 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995)).  In the instant case, the previously asserted grounds for habeas relief have been exhausted, while the newly proposed grounds have not been exhausted.  Thus, the situation is analogous to a "mixed petition," which includes both exhausted and unexhausted claims, because the "obvious purpose" of the motion to stay "is to allow for the amendment of the Petition to include the currently unexhausted claim[s]."  Gambora v. Saba, No. 11-40169-TSH, 2012 WL 4469113, at *3 (D. Mass. Sept. 25, 2012).

"While courts must generally dismiss habeas petitions that are not fully exhausted, under some 'limited circumstances' a district court may stay a mixed petition that contains both exhausted and unexhausted claims while the petitioner exhausts his remedies in state court."  Sullivan v. Saba, 840 F. Supp. 2d 429, 436 (D. Mass. 2012).  Under this "stay and abeyance procedure" set forth by the United States Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to pursue the unexhausted claims.  Id. at 275, 125 S. Ct. at 1534.  However, as the Supreme

Court has recognized, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277, 125 S. Ct. at 1535.  Moreover, even if there is "good cause" for the failure to exhaust, the petitioner must also establish that "his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278, 125 S. Ct. at 1535.  "The requirement to show good cause may be applied more loosely with *pro se* prisoners." Womack v. Saba, No. 11-40138-FDS, 2012 WL 685888, at *3 (D. Mass. Mar. 1, 2012).

In the instant case, even applying a liberal standard, Mercado has not established good cause for failure to exhaust his new claims.  While he argues that his counsel was ineffective in failing to bring these claims, "the First Circuit does not recognize ineffective assistance of counsel or strategic decisions of counsel as good cause in this context." Sullivan, 840 F. Supp. 2d at 437, and cases cited.  Similarly, the fact that Mercado has been proceeding *pro se* does not constitute good cause either.  Id., and cases cited.  See also Gambora, 2012 WL 4469113, at *3 ("*pro se* status during federal habeas proceedings, without more, does not constitute good cause warranting a stay and abeyance.  That is particularly true where, as here, the Petitioner was represented by counsel throughout the state-court proceedings."); Womack, 2012 WL 685888, at *3 (fact that petitioner was proceeding *pro se* and claim that counsel was ineffective do not

constitute good cause to support a stay); Reyes v. Pepe, No. 10-10323-GAO, 2011 WL 740755, at *1 (D. Mass. Feb. 24, 2011) (allegations of ineffective assistance of counsel do not constitute good cause to warrant a stay).

Finally, a review of the proposed claims does not support a finding of good cause for failure to pursue them previously.  According to the petitioner, the witnesses were known at the time of trial, the fact that the courtroom was allegedly closed was apparent from the transcript which had been provided to counsel, and his medical records existed as of the time of trial.  (See Mot. (Docket No. 16) at ¶¶ 3-6, 9-11).  Since Mercado has failed to establish good cause for having failed to exhaust these new claims, the motion to stay must be denied.

### B.     Appointment of Counsel

Mercado filed a motion for appointment of counsel which this court denied without prejudice pending review of the responsive pleading.  (05/17/2011 Electronic Order).  In light of the fact that the respondent has not moved to dismiss the petition, and the petition will be addressed on the merits, this court concludes that it will be beneficial to have counsel appointed to address the merits of the petition.  Therefore, this matter will be stayed for 90 days during which time the court will seek to locate counsel to represent Mercado.  If counsel cannot be located within that period, the matter will be reevaluated.

### IV.  ORDER

For the reasons detailed herein, the Petitioner's Motion to Stay (Docket No. 16) is DENIED.  However, the court shall stay this action for 90 days to determine if counsel can be located to represent the petitioner in connection with the pending habeas petition.

IT IS SO ORDERED.

        / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge