UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE M. MERCADO, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-10321-JGD |
| GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON CERTIFICATE OF APPEALABILITY

DEIN, U.S.M.J.

On December 12, 2016, this court issued an order denying petitioner Jose M. Mercado's petition for a writ of habeas corpus.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. See 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The petitioner need not show that the appeal will succeed. Miller-El, 537 U.S. at 337.

This court ruled that the habeas petition was untimely. It is well established that the one year period for filing an application for a writ of habeas corpus begins to run when the time for filing a certiorari petition with the U.S. Supreme Court expires. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). In finding Mercado's petition untimely, this court ruled that the 90 day period for filing the certiorari petition began to run when the Supreme Judicial Court affirmed Mercado's conviction, and not 28 days later when the rescript issued to the trial court. While this court's decision seems well-supported by Supreme Court rules and older case law, there is no First Circuit decision on point. There is also an unpublished District Court decision which stated, in dicta, that the period would begin to run when the rescript of the appellate court decision was entered on the trial court docket. See Nesbitt v. St. Amand, Civil Action No. 09-10615-DPW, 2011 WL 1232376, at n.1 (D. Mass. Mar. 30, 2011). Although the question is close, this court concludes that jurists of reason could disagree with this court's resolution of the issue as to when the 90 day period began. Therefore, a certificate of appealability is GRANTED as to that issue.

    SO ORDERED.

                                                  / s / Judith Gail Dein  
                                                  Judith Gail Dein  
                                                  United States Magistrate Judge

DATED: December 12, 2016

[2]